# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL SOLIS-ARROYO, also known as Saul Solis Arroyo, also known as Arnulfo Benitez Arrollo, also known as Laterio Arroyo Mejia, also known as Alcadio Gamero, also known as Mario Jaramillo, also known as Jaime Palo, also known as Leterio Mejia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-381-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Raul Solis-Arroyo appeals his conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He challenges the district court's denial of his motion to dismiss the indictment, arguing that it was invalid because the notice to appear in his removal proceedings was defective because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50370

it did not specify a time and date for his removal hearing and that the removal order was thus void.  He concedes that this challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), but he wishes to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha*.  Alternatively, the Government requests an extension of time to file its brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  In *Pedroza-Rocha*, a similar § 1326 appeal, we concluded that the notice to appear was not deficient because it lacked a specific date for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his notice to appear without first exhausting his administrative remedies.  933 F.3d at 496-98.  Solis-Arroyo's arguments are, as he concedes, foreclosed by *Pedroza-Rocha.  See id.*  Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary, and the judgment of the district court is AFFIRMED.